BARNES, J.,
 

 for the Court:
 

 ¶ 1. Keith Paul English was convicted of carjacking by jury trial in the Harrison County Circuit Court and sentenced by the court to ten years in the custody of the Mississippi Department of Corrections (MDOC). English filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial, which the circuit coux’t denied. On appeal, appellate counsel for English filed a
 
 Lindsey
 
 brief,
 
 [1]
 
 stating that there were no arguable issues on appeal. After reviewing the record, we find no arguable issues and affirm the judgment of the circuit court.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 17, 2006, Eliza White and her four-year-old daughter, Jada, stopped at a Kangaroo convenience store in Gulfport, Mississippi. White parked her vehicle, a black 1994 Ford Mustang, near the front of the store. As White and Jada exited the car, English approached White and asked for a ride. White told English that she did not give rides to strangers. White and Jada entered the store, where White purchased a newspaper. When White and Jada left the store, English approached them again and asked for a ride. White refused and put Jada into her booster seat. English came up to White a third time and stated that he was going to take the car. White claimed that English started to get into the car. However, White had the car keys, and the two began to struggle. White yelled, “You’re not f — ing taking my car,” and she threw her car keys toward the front of the store where other people were standing. At this point, another customer intervened and restrained English until law enforcement arrived, approximately a minute later.
 

 ¶ 3. English was indicted for carjacking, and a jury trial was held on June 10, 2008. English testified that he was high on cocaine at the time of the incident and thought the vehicle was his own. White was convicted and sentenced to ten years in the custody of the MDOC. On June 23, 2008, White filed a motion for a JNOV or, in the alternative, a motion for a new trial. He subsequently filed a “Motion to Be Returned for Trial, to Dismiss Charges, Demand for Trial and for Appointment of Counsel”
 
 [2]
 
 and a motion for reconsideration of his sentence. The circuit court denied all motions on June 25, 2009. A timely notice of appeal regarding the denial of his motion for a JNOV or new trial was filed by English through his trial counsel. However, trial counsel subsequently filed a motion to withdraw and substitute counsel, which was granted by this Court on November 17, 2009.
 

 ¶ 4. Substitute appellate counsel filed a
 
 Lindsey
 
 brief with this Court acknowledging that there were no arguable issues on appeal. In
 
 Lindsey,
 
 the Mississippi Supreme Court held that appellate counsel must thoroughly review the record and examine the following:
 

 
 *446
 
 (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 

 Lindsey,
 
 939 So.2d at 748 (¶ 18). If appellate counsel finds no arguable issues presented in the record, he must then advise the defendant of his right to file a pro se brief.
 
 Id.
 
 Further, if the appellate court finds “any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.”
 
 Id.
 
 (citing
 
 Smith v. Robbins,
 
 528 U.S. 259, 280, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)).
 

 ¶ 5. Appellate counsel stated that he had reviewed the record using the factors set forth in
 
 Lindsey.
 
 Appellate counsel further noted that English was provided a copy of the brief and advised that he had forty days in which to file a pro se brief. However, no brief was filed by English. After thoroughly reviewing the record, we can find no arguable issues on appeal that would require supplemental briefing. Accordingly, we affirm the judgment of the circuit court.
 

 ¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF CARJACKING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TO BE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . In
 
 Lindsey v. State,
 
 939 So.2d 743 (Miss. 2005), the Mississippi Supreme Court set forth a procedure for appellate counsel representing an indigent criminal defendant to follow when no arguable issues appear to exist within the record.
 

 [2]
 

 . This motion was in response to a pending charge of felony bad check against English.